902 F.2d 1445
 Barry Jay FELDMAN, Petitioner-Appellant,
v.
William PERRILL, Warden; John K. Van De Kamp, Attorney
General of the State of California, Respondents-Appellees.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry Jay FELDMAN, Defendant-Appellant.
 Nos. 88-15237, 88-6432.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 15, 1989.
Decided May 11, 1990.
 
 Barry Jay Feldman, Torrance, Cal., pro se.
 Richard E. Robinson, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee in No. 88-6432.
 Peter Crook, Deputy Atty. Gen., San Francisco, Cal., James D. Whitney, Asst. U.S. Atty., Tucson, Ariz., for respondents-appellees in No. 88-15237.
 Appeal from the United States District Court for the District of Arizona for 88-15237.
 Appeal from the United States District Court for the Central District of California for 88-6432.
 Before REINHARDT, BEEZER and KOZINSKI, Circuit Judges.
 KOZINSKI, Circuit Judge:
 
 
 1
 Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody." Among the issues we consider are whether and when a prisoner is considered "in custody" under a conviction after he has completed serving its sentence.
 
 Facts
 
 2
 Barry Jay Feldman has twice been convicted of criminal offenses: In 1976, he pled guilty in California state court to attempted extortion, burglary and false imprisonment; in 1984, a federal jury convicted him of unarmed bank robbery. In 1986, while incarcerated for his federal conviction, Feldman filed a petition for habeas corpus in the Northern District of California pursuant to 28 U.S.C. Sec. 2254. Excerpt of Record in No. 88-15237 (ER1) at 2. The petition alleged that Feldman's 1976 state conviction was unconstitutional because, inter alia, it was based on a guilty plea that he had been incompetent to enter. ER1 at 4.
 
 
 3
 The district court ruled that Feldman was no longer "in custody" under the 1976 conviction, as he had completed serving the prison sentence and parole term arising from it. ER1 at 16-18. Feldman moved to alter or amend the judgment, arguing that he was still "in custody" under the 1976 conviction because he had been denied early release on parole from his current federal sentence. ER1 at 21-22. The district court was persuaded that Feldman's argument might have merit, ER1 at 25-26; however, because habeas writs act upon the custodian, not the prisoner, the court transferred the petition to the District of Arizona, where Feldman was then incarcerated. ER1 at 23-24.
 
 
 4
 Shortly before the district court in Arizona ruled on Feldman's habeas petition, we decided Cook v. Maleng, 847 F.2d 616 (9th Cir.1988). We held in Cook that a prisoner was "in custody" under a conviction, even though he had completed serving the associated sentence, because that conviction had been used to enhance his sentence for a subsequent conviction. 847 F.2d at 618-19. The district court in Arizona held that Cook did not help Feldman, as his petition alleged not that his sentence had been enhanced, but merely that his release on parole had been delayed. ER1 at 38-39. Accordingly, the court dismissed the petition.
 
 
 5
 Catching a clue from the district court, Feldman adopted a new strategy: he initiated an attack on his federal sentence, arguing that it had been improperly enhanced due to the sentencing judge's reliance on the allegedly invalid state conviction. His motion to vacate pursuant to 28 U.S.C. Sec. 2255 was referred to the same district judge who had originally sentenced Feldman; the judge reviewed the sentencing transcript and denied the motion, concluding that he had not relied on the 1976 conviction, only on the underlying conduct--which would have been permissible even if the conviction were invalid. Excerpt of Record in No. 88-6432 (ER2) at 32-33.
 
 
 6
 Feldman appeals the denial of his section 2254 petition attacking his 1976 state conviction (No. 88-15237), and the denial of his section 2255 motion to vacate his federal sentence (No. 88-6432). ER1 at 41; ER2 at 34.
 
 Discussion
 
 7
 * Subject matter jurisdiction over habeas petitions is established in part by 28 U.S.C. Sec. 2241, which provides:
 
 
 8
 (c) The writ of habeas corpus shall not extend to a prisoner unless ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States....
 
 
 9
 28 U.S.C. Sec. 2241(c) (1982) (emphasis added). In Cook v. Maleng, 847 F.2d 616 (9th Cir.1988), we broadly construed the "in custody" requirement, holding that the collateral consequences of an expired conviction might suffice to render a prisoner "in custody" for purposes of attacking the conviction. The Supreme Court granted certiorari and, in Maleng v. Cook --- U.S. ----, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), adopted a far more limited construction of the "in custody" requirement. Because this may significantly affect the ability of federal prisoners in our circuit to bring habeas petitions, we write today to explain the effect of the Supreme Court's decision in Maleng.
 
 
 10
 A. In Maleng v. Cook there were three pertinent sentences: a 1958 state sentence that Cook had completed serving; a 1976 federal sentence that he was currently serving; and a 1978 state sentence that he had not yet begun to serve. Cook's habeas petition listed the 1958 state conviction as the conviction under attack. 109 S.Ct. at 1924. We had decided that, although the 1958 sentence had expired, collateral consequences remained--i.e., the 1958 conviction had been used to enhance Cook's 1978 sentence. We had held that this collateral consequence rendered Cook sufficiently "in custody" to attack his 1958 conviction. See id. at 1925; Cook, 847 F.2d at 618-19.
 
 
 11
 The Supreme Court disagreed. It stated that Cook "[wa]s not presently 'in custody' under the 1958 sentence" and that our circuit's interpretation of the "in custody" requirement "stretche[d] the language 'in custody' too far." Maleng, 109 S.Ct. at 1925. The Court held that an expired conviction can never satisfy the "in custody" requirement, even though it may possibly be used to enhance a subsequent sentence, and even if this possibility "actually materialized." Id. at 1926. While these collateral consequences may significantly harm habeas petitioners, the Court has apparently decided that harm is not the relevant inquiry under the "in custody" requirement. See id.
 
 
 12
 In so holding, the Court adopted in Maleng a rule that collateral consequences preclude mootness, but do not satisfy the "in custody" requirement. Id. at 1925-26. To this end, the Court discussed Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), where petitioner's sentence had expired while his habeas petition was pending before the Supreme Court. The state argued that expiration of the sentence rendered the case moot, but the Court in Carafas rejected the argument, holding that the conviction's collateral consequences (e.g., inability to vote and hold public office) precluded mootness. See Maleng, 109 S.Ct. at 1925-26; Carafas, 391 U.S. at 237-38, 88 S.Ct. at 1559-60. However, the Carafas Court then raised another potential jurisdictional bar--the failure of the expired sentence to satisfy the "in custody" requirement. It concluded that this requirement was met only because petitioner's sentence had not expired until after he filed his petition. Maleng, 109 S.Ct. at 1926; Carafas, 391 U.S. at 238, 88 S.Ct. at 1559-60.
 
 
 13
 Unlike Carafas, petitioner's sentence in Maleng expired before he filed his habeas petition; accordingly, the Court held that Cook was no longer "in custody" under the 1958 conviction. Maleng, 109 S.Ct. at 1924-25. Rather, he was now in custody under his 1976 federal conviction: "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.' " Id. at 1926. Additionally, the Court determined that Cook was "in custody" for purposes of attacking his 1978 conviction, reasoning that because the state had placed a detainer with federal authorities, the state and federal sentences were to be treated as consecutive sentences. Id. at 1926-27.
 
 
 14
 The Court did not dismiss Cook's pro se petition for lack of subject matter jurisdiction. Rather, it retained jurisdiction by liberally construing it as an attack on the 1978 state conviction, as enhanced by the allegedly illegal 1958 conviction.[1] Id. In this way, the Court affirmed our ruling that there was jurisdiction, while rejecting our analysis of the "in custody" requirement.
 
 
 15
 B. Once properly analyzed, this case is indistinguishable from Maleng. Feldman's habeas petition lists his 1976 California conviction as the conviction under attack. Because the sentence for this conviction expired before Feldman filed his petition, it cannot satisfy the "in custody" requirement--even though it may have had the collateral consequences of enhancing his subsequent federal sentence, delaying his release on parole and postponing the end of his parole term. That is not the end of the matter, however: Like the Court in Maleng, we are obliged to construe this pro se petition as an attack on petitioner's current federal sentence as enhanced. As Feldman is still serving his parole term, he is "in custody" under this sentence. We therefore have jurisdiction to entertain the petition under 28 U.S.C. Sec. 2241(c).[2]
 
 II
 
 16
 Having gotten over one jurisdictional hurdle, Feldman immediately faces another: our decision in Wallace v. Christensen, 802 F.2d 1539 (9th Cir.1986) (en banc). In Wallace, we held that "the [Parole] Commission's substantive decisions to grant or deny parole ... are unreviewable even for abuse of discretion." 802 F.2d at 1546. Our review is narrowly limited to acts outside the Commission's statutory authority, decisions rendered outside its guidelines without a showing of good cause, and constitutional violations. Id. at 1551-52.
 
 
 17
 Feldman contends that he is not asking this court to review the Parole Commission's decision. He points to Commission guidelines, which instruct a prisoner seeking to challenge the validity of a conviction to do so "in the court in which he/she was originally tried, and then to provide the Commission with evidence of such reversal." 28 C.F.R. Sec. 2.20 (salient factor scoring manual Sec. A.7) (1988). This, Feldman claims, is precisely what he is doing by bringing a federal habeas petition, having exhausted state remedies. Because he is following the Commission's own regulations, Feldman argues, the jurisdictional bar of Wallace does not apply.
 
 
 18
 Feldman would be correct if, indeed, the Parole Commission relied on the challenged state conviction in calculating his parole eligibility. Unfortunately, we cannot tell based on the record before us today. Because the district court ruled that Feldman was not "in custody," it did not reach the question whether the Parole Commission in fact relied on the 1976 state conviction in calculating his parole eligibility; as we do not have the record of the proceedings before the Parole Commission, we are unable to make that determination ourselves. It is quite possible that the Commission did not; the Commission was not required to consider the California conviction, and the same guideline cited by petitioner lists several instances in which the Commission has said it will not consider convictions, such as where a prisoner has "applied to have a conviction vacated" and has not yet been able to obtain the required records to do so. 28 C.F.R. Sec. 2.20 (salient factor scoring manual Sec. A.7). Moreover, even where a conviction is found to be invalid, the guidelines permit the Commission to consider the underlying conduct, so long as there is "persuasive information that the offender committed the criminal act." Id. See also 28 C.F.R. Sec. 2.19(c) (Commission may consider charges on which prisoner was found not guilty by reason of his mental condition); 28 C.F.R. Sec. 2.19(c) (Commission may consider "any substantial information available to it"); 28 C.F.R. Sec. 2.20(e) (where circumstances warrant, Commission's "clinical evaluation of risk" may override the prisoner's salient factor score). Feldman does not deny that he committed the act for which he was incarcerated; he insists only that it was not "wrongful" because he was incompetent at the time. Accordingly, the Commission could have properly denied him early parole based on his underlying conduct.
 
 
 19
 We remand so that the district court may determine whether the Commission relied on Feldman's 1976 state conviction or on the underlying conduct. If the court determines that the Commission relied on the conviction, the court shall consider and resolve Feldman's claim that the challenged conviction was improper, as that claim now appears to have been exhausted in the state courts. If the district court then determines that the conviction was improper, the court shall remand to the Parole Commission for a recomputation of Feldman's parole eligibility, at which time the Commission may decide whether it wishes to enhance Feldman's time in custody based on the underlying conduct, even though the conviction was improper. See 28 C.F.R. Sec. 2.20.
 
 III
 
 20
 Having determined the issues on remand, we must now consider where to remand. Feldman asks that we remand to the Northern District of California, where he initially filed his habeas petition, because the county where he was convicted in 1976 is located in that district. He argues also that this would be a more convenient forum for him, being currently on parole in Los Angeles, as well as for the government, as the state court records pertaining to his 1976 conviction are stored there.
 
 
 21
 Feldman's arguments regarding convenience are irrelevant because only the District of Arizona has the ability to grant him relief. It is well-settled that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129-30, 35 L.Ed.2d 443 (1973). As we have explained, Feldman is no longer in custody in California; that state has extracted its punishment and has no further interest in petitioner. See Hanson v. Circuit Court of the First Judicial Circuit, 591 F.2d 404, 409 (7th Cir.), cert. denied, 444 U.S. 907, 100 S.Ct. 220, 62 L.Ed.2d 143 (1979); St. John v. Sargent, 569 F.Supp. 696, 698 (N.D.Cal.1983). The District of Arizona administers his current parole, therefore--convenient or not--it is in that district that petitioner must proceed. See Hicks v. Duckworth, 856 F.2d 934, 935 (7th Cir.1988).[3]
 
 IV
 
 22
 Finally, we consider Feldman's attack on his 1984 conviction pursuant to 28 U.S.C. Sec. 2255, alleging that the sentencing judge used the 1976 state conviction to enhance his federal sentence.[4] In Maleng, state enhancement statutes mandated that petitioner's sentence be lengthened as a result of his prior allegedly invalid conviction. See Maleng, 109 S.Ct. at 1924; Cook, 847 F.2d at 618. Here, however, the facts are considerably less clear; no enhancement statute was applied, and Feldman can only point to statements in the sentencing transcript that he claims demonstrate reliance on the 1976 conviction. Feldman insists that the court must now resentence him without considering the 1976 conviction.
 
 
 23
 We reject this claim. In accordance with our prior decisions outlining the procedure to be followed in handling section 2255 motions, Feldman's motion to vacate was heard by the same district court judge who had originally sentenced him. See, e.g., Farrow v. United States, 580 F.2d 1339, 1348-49, 1351 (9th Cir.1978) (en banc). The judge concluded that he had relied only on the conduct underlying the offense, conduct to which Feldman readily admits, not the conviction itself. "This finding, based on the court's own recollection of [petitioner's] sentencing, will not be overridden." Brown v. United States, 610 F.2d 672, 674 (9th Cir.1980).
 
 Conclusion
 
 24
 In No. 88-15237, we reverse and remand to the District of Arizona for further proceedings consistent with section II of this opinion. In No. 88-6432, we affirm the district court's dismissal of petitioner's motion to vacate his sentence.
 
 
 
 [1]
 In his petition, Cook alleged that the sentences for both the 1976 and 1978 convictions were enhanced because of his 1958 conviction. In the court below and in his brief before the Supreme Court, however, Cook pressed the claim only as to the 1978 conviction. 109 S.Ct. at 1925 n. *. Consequently, the Court's opinion did not discuss at length jurisdiction as to Cook's challenge to his 1976 federal sentence
 
 
 [2]
 Because we construe the petition as an attack on his federal sentence, Feldman's failure to obtain a certificate of probable cause from the district court does not deprive us of jurisdiction. Certificates of probable cause are required only "where the detention complained of arises out of process issued by a State court." 28 U.S.C. Sec. 2253 (1982)
 
 
 [3]
 Feldman argues that his petition need not be addressed by the district charged with administering his parole, as he is not attacking his parole, but rather the state conviction on which the Parole Commission relied. This argument fails in light of our holding that we have jurisdiction to entertain his petition only by construing it as an attack on his federal sentence
 
 
 [4]
 As this attack is levelled against Feldman's current sentence, it obviously satisfies the "in custody" requirement