981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Petitioner-Appellant,
v.
OREGON STATE, Respondent-Appellee.
 No. 91-36296.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Dec. 3, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Allen, an Oregon state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition based on that court's finding that Allen is not "in custody" within the meaning of 28 U.S.C. § 2241. We reverse and remand.
 
 
 3
 * Petitioner was convicted of arson in the first degree in the Curry County Circuit Court for the State of Oregon in 1985. He was sentenced to five years in prison and a $5,000.00 fine. Petitioner acknowledges that he has served his sentence, but argues that he is still "in custody" on his 1985 sentence because the effect of that conviction has been to enhance his sentences on subsequent convictions, including a 1987 federal felony conviction, a 1991 state felony conviction, and a 1991 state misdemeanor conviction. Petitioner attacks this 1985 conviction by writ of habeas corpus on the ground that the conviction was obtained as a result of constitutionally ineffective assistance of counsel.
 
 
 4
 The district court below adopted the findings and recommendation of the magistrate and dismissed petitioner's action based on the finding that petitioner is no longer "in custody" as required by 28 U.S.C. § 2241, and therefore was not entitled to habeas corpus relief. Petitioner appealed.
 
 II
 
 5
 We review a decision whether to grant or deny a petition for habeas corpus de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc).
 
 
 6
 The district court interpreted Allen's petition, as he framed it, as an attack on his 1985 conviction. District courts have subject matter jurisdiction to entertain habeas petitions only from persons who are " 'in custody' under the conviction in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (1988). The habeas petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A conviction fully served can never satisfy the "in custody" requirement, even though it may possibly be used to enhance a subsequent sentence, and even if this possibility "actually materializes." Id. at 492; Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.1990).
 
 
 7
 In Maleng, petitioner Cook had completed serving a 1958 state sentence, was currently serving a 1976 federal sentence, and had pending a 1978 state sentence that he had not yet begun to serve. 490 U.S. at 489. In his habeas petition, Cook, appearing pro se, listed the 1958 conviction as the conviction under attack. Id. at 489-90. The Supreme Court decided that since Cook had completed his 1958 sentence, he was no longer "in custody" under that sentence, and therefore could not attack the 1958 conviction. Id. at 492. However, the Supreme Court did not dismiss Cook's petition. Instead, the Court liberally construed Cook's pro se petition as an attack on his 1978 conviction, as enhanced by the allegedly illegal 1958 conviction, for which he was currently "in custody." Id. at 493. See also Feldman, 902 F.2d at 1448-49 (construing petitioner's attack on a conviction for which he had already completed his sentence as an attack on his current federal sentence as enhanced).
 
 
 8
 Similarly, Allen is challenging the legality of a 1985 conviction for which he is no longer in custody. However, he is presently incarcerated in an Oregon state prison. His habeas corpus petition, memo in support of his petition, and subsequent proceedings boil down to a challenge to the use of his allegedly invalid 1985 conviction to enhance his subsequent sentences.
 
 
 9
 Thus, the district court erred in dismissing Allen's petition because under Maleng, it was "obliged to construe [the] pro se petition as an attack on petitioner's current ... sentence as enhanced" by his prior allegedly invalid conviction. Feldman, 902 F.2d at 1448-49. So construed, Allen satisfies the "in custody" requirement.
 
 III
 A. The 1987 Federal Felony Conviction
 
 10
 A district court's jurisdiction to consider a habeas corpus petition is measured at the time the petition is filed. See United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir.1988), cert. denied, 493 U.S. 809 (1989). Allen's petition was filed June 25, 1991. At that time, Allen was serving a five year sentence of probation pursuant to a 1987 federal felony conviction for false statements in a bank loan application.[1] Probation satisfies the "in custody" requirement for habeas corpus relief. United States v. Condit, 621 F.2d 1096, 1098 (9th Cir.1980).
 
 
 11
 Allen, however, has not named federal custodial authorities as parties defendant. Even the liberal reading we afford pro se petitions under Maleng does not require us to "construe" a petition as a challenge to a sovereign the petitioner has not sued.[2] On remand, the district court is directed to dismiss the instant petition without prejudice as it relates to the 1987 federal conviction.
 
 B. The 1991 State Felony Conviction
 
 12
 Allen was sentenced on state felony convictions for theft in the first degree and aggravated theft in the first degree on September 30, 1991. The date relevant to our inquiry is the date the petition was filed, June 25, 1991. We do not construe Allen's petition as a challenge to this sentence, as this sentence had not yet been entered when the petition was filed. On remand, the district court is directed to dismiss this petition (challenging the 1985 state arson conviction) without prejudice as it relates to the 1991 state felony sentence.
 
 C. The 1991 State Misdemeanor Conviction
 
 13
 Allen was convicted on June 21, 1991 of four counts of issuing false financing statements, a state misdemeanor. He was sentenced to four six-month jail terms, to be served consecutively.[3] It is not clear from the record before this court the date on which this sentence was imposed. On remand, if the district court determines that Allen was sentenced on this charge after June 25, 1991, it should dismiss the instant petition without prejudice as it relates to the state misdemeanor charge.
 
 
 14
 If the sentence was imposed before Allen's habeas petition was filed, the petition must be construed as a challenge to that state sentence. We note that Allen has already challenged, by way of habeas corpus (and appealed to another panel the dismissal of that petition), the state misdemeanor sentence. Allen v. State of Oregon, No. 91-36114. This construction, however, raises the question of whether Allen has exhausted his state court remedies as to this claim. A federal habeas action must be dismissed if the petitioner has failed to exhaust all available and effective state court remedies as to each claim raised in the petition. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 522 (1982). We find nothing in the record to indicate how the Oregon State courts construed Allen's claim, i.e., as a challenge to his 1985 conviction or to his 1991 sentence as enhanced. Therefore, we remand this action to the district court to determine whether Allen has exhausted his state court remedies, and whether or not it must consider the habeas petition.
 
 IV
 
 15
 The judgment of the district court is reversed and remanded for further proceedings in accord with this opinion.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 We have previously considered a separate challenge by Allen against this same federal sentence. In United States v. Allen, No. 92-35176, we affirmed the district court's dismissal of his petition for habeas corpus
 
 
 [2]
 Feldman, 902 U.S. 1445, involved a habeas corpus attack brought against federal, as well as state officials. Id. at 1445, 1447
 
 
 [3]
 This sentence would expire by its terms in 1993. It is a determination to be made by the district court, however, whether Allen is still "in custody" on this state misdemeanor charge. Because Allen is challenging not the underlying conviction, but rather the sentence "as enhanced," that challenge would be moot if the sentence had been fully served