988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William J. NOLL, Plaintiff-Appellant,
v.
Sam SHOQUIST, Regional Administrator, U.S. Parole
Commission, Belmon, CA.; Hope Baker, Case Analyst, U.S.
Parole Commission; Teresa Mitchell, Case Analyst, U.S.
Parole Commission, Defendants-Appellees.
 No. 91-16917.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-91-03793-CAL, Charles A. Legge, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Noll, a federal prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action prior to service of process. We have jurisdiction under 28 U.S.C. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 Noll sought money damages and injunctive relief pursuant to section 1983 against the defendants, members of the United States Parole Commission. Noll claims due process violations arising from the defendants' alleged refusal to call a witness at his parole revocation hearing, their refusal to give him access to documents pertinent to the hearing, and their use of an unconstitutional parole form.
 
 
 4
 A court's sua sponte dismissal of an in forma pauperis complaint before issuance and service of process upon the defendants is construed as a dismissal as frivolous under 28 U.S.C. § 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A frivolous claim is one which lacks an arguable basis in either law or fact. Denton, 112 S.Ct. at 1733; Neitzke v. Williams, 490 U.S. 319, 324 (1989).
 
 
 5
 Actions filed under section 1983 require state action. Merritt v. Mackey, 932 F.2d 1317, 1323 (9th Cir.1991). The district court therefore did not abuse its discretion by dismissing Noll's claims brought under section 1983 because the defendants are not state actors. See id. To the extent that Noll's complaint may be liberally construed as alleging a Bivens claim, the defendants are absolutely immune from suit for money damages arising from their actions taken to " 'grant, deny, or revoke [Noll's] parole.' " See Anderson v. Boyd, 714 F.2d 906, 908-09 (9th Cir.1983).
 
 
 6
 Further, because Noll's complaint challenges the duration of his confinement, the district court properly construed his action as a habeas corpus petition under 28 U.S.C. § 2241. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991). Construed as a section 2241 habeas petition, jurisdiction is proper only in the district where the petitioner is confined. See Feldman v. Perrill, 902 F.2d 1445, 1450 (9th Cir.1990). Failure to file a section 2241 petition in the district of confinement deprives the district court of jurisdiction over the warden to carry out the court's orders. Dunne v. Henman, 875 F.2d 244, 248 (9th Cir.1989).
 
 
 7
 Noll is confined at the Tucson Federal Correctional Institution in Arizona. Therefore, the district court was without jurisdiction to entertain his section 2241 claims. See id. Accordingly, the district court did not err by dismissing Noll's action. See id.; Feldman, 902 F.2d at 1450.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Noll's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3