990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Wendell BARNHILL, Defendant-Appellant.
 No. 92-16485.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Wendell Barnhill appeals pro se the district court's denial of his motion to reconsider the denial of his 28 U.S.C. § 2255 motion. Barnhill contends that the district court erred by finding that he failed to satisfy the "in custody" requirement for a section 2255 motion. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review a district court's denial of a motion for reconsideration for an abuse of discretion. Whale v. United States, 792 F.2d 951, 952 (9th Cir.1986).
 
 
 4
 Relief under section 2255 is not available to a defendant who has completed his sentence and has been released from custody. 28 U.S.C. § 2255; Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987). Custody is measured at the time the petition is filed. Tyars v. Finner, 709 F.2d 1274, 1279 (9th Cir.1983). The possibility that the challenged conviction will be used to enhance a subsequent conviction, standing alone, is insufficient to satisfy the custody requirement. Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam); but see Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.1990) (prior conviction can be challenged if it has been used to enhance a present or future sentence).
 
 
 5
 Here, Barnhill pleaded guilty to conspiracy to import a controlled substance. As part of his plea agreement, Barnhill agreed to withdraw an appeal pending in the Eleventh Circuit from a conviction and 15 year sentence of imprisonment previously imposed in the Middle District of Florida. Barnhill was sentenced to 30 months imprisonment to run concurrently with his prior 15 year sentence. Barnhill's 30-month sentence expired by its terms on November 28, 1988. He filed his section 2255 motion on April 16, 1991.
 
 
 6
 Barnhill's argument that he is in custody based on his imprisonment for the prior Florida conviction lacks merit. See Maleng, 490 U.S. at 492. His sentence for the challenged conviction expired before he filed his section 2255 motion, and therefore, he is not entitled to relief under 28 U.S.C. § 2255. See Hirabayashi, 828 F.2d at 604; Tyars, 709 F.2d at 1279.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3