996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Veronza BOWERS, Jr., Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, et al., Defendants-Appellees.
 No. 91-55010.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1993.
Decided July 1, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH* and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In Cato v. Rushen, 824 F.2d 703 (9th Cir.1987), we held that there "must be some indicia of reliability that forms the basis for prison disciplinary actions," id. at 705, and concluded that uncorroborated hearsay statements by a confidential informant do not satisfy this standard. Id. Here the government concedes that the Institutional Disciplinary Committee's unsubstantiated finding that petitioner aided in an inmate assault in 1980 ran afoul of Cato, and that the Parole Commission's reliance on that finding in denying parole therefore violated petitioner's due process rights. See also Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988).
 
 
 3
 In light of the government's concession, we REVERSE the district court's grant of summary judgment to defendants with instructions to further REMAND to the Parole Commission to recompute petitioner's parole eligibility absent the unsubstantiated disciplinary action. Cf. Feldman v. Perrill, 902 F.2d 1445, 1449-50 (9th Cir.1990) (instructing district court to remand to Parole Commission for recomputation of petitioner's eligibility for parole if court determined that Commission improperly relied on challenged state conviction). So ORDERED.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit Rule 36-3