17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael E. LONG, Plaintiff-Appellant,
v.
James P. HEALY, Judge, Pierce County Superior Court; Chris
Quin-Brintnall, Deputy Prosecuting Attorney; John
Ladenburg, Prosecuting Attorney; Donald Meath, Court
Commissioner, Court of Appeals, Division Two, Defendants-Appellees.
 No. 93-35784.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Michael E. Long appeals pro se the district court's judgment dismissing his 42 U.S.C. Sec. 1983 action. Long seeks to force the defendants to provide him with a record of his 1972 conviction and an order overturning his 1972 state court conviction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 "[H]abeas [corpus proceedings] must be the exclusive federal remedy not just when a state prisoner requests the invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long." Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). When a plaintiff's section 1983 action seeks relief available only under habeas corpus, the district court should construe the complaint to that extent as a habeas corpus petition. Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981). If the exhaustion of state remedies has not been alleged, the district court should provide the opportunity to pursue state remedies. Young, 907 F.2d at 878.
 
 
 4
 Long alleges that his guilty plea in his 1972 conviction was not voluntary. Long seeks to force the defendants to provide him with a record of his 1972 conviction and an order overturning his 1972 state court conviction. However, a record of his 1972 conviction does not exist. Thus, the only relief which a court could provide Long is the invalidation of his 1972 conviction. Because Long is currently serving a state sentence which was enhanced by the 1972 conviction, we conclude that the relief Long seeks is a necessary predicate to the determination that his current sentence is unconstitutionally long.[1] See Young, 907 F.2d at 876. Therefore, a habeas corpus proceeding is Long's exclusive federal remedy. See id.
 
 
 5
 A federal habeas corpus remedy cannot be pursued without a showing that state remedies have been exhausted. See 28 U.S.C. Secs. 2254(b), (c). Moreover, the proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." United States v. Brittingham, 982 F.2d 378, 379 (9th Cir.1992).
 
 
 6
 Because Long failed to allege that he exhausted his state remedies and because he did not name the warden of the facility where he is currently confined, we affirm the district court's decision.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Long's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody." See 28 U.S.C. Sec. 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam); Feldman v. Perrill, 902 F.2d 1445, 1446 (9th Cir.1990). A habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired, even though it may possibly be used to enhance a subsequent sentence. Maleng, 490 U.S. at 492; Feldman, 902 F.2d at 1448. Nevertheless, if an unconstitutional conviction has been used to enhance a current sentence, the current sentence can be challenged as enhanced. Maleng, 490 U.S. at 493; Feldman, 902 F.2d at 1448
 Thus, Long because Long is no longer in custody on his 1972 conviction, he cannot challenge the validity of the conviction in a habeas corpus proceeding. However, Long is in custody on a new conviction. Accordingly, Long may attack his current sentence as enhanced by his allegedly unconstitutional 1972 conviction. See Maleng, 490 U.S. at 493; Feldman, 902 F.2d at 1448.