19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin J. COTE, Defendant-Appellant.
 No. 93-35623.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin J. Cote, a former federal prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion. After trial by jury, Cote was convicted in 1982 of three counts of income tax evasion, 26 U.S.C. Sec. 7201, and three counts of failure to file income tax returns, 26 U.S.C. Sec. 7203. He contends that the district court erred by denying his claim that Cheek v. United States, 498 U.S. 192 (1991) requires reversal of his conviction. We dismiss for lack of jurisdiction.
 
 
 3
 It is a jurisdictional prerequisite that a section 2255 movant be in custody at the time his 2255 motion is filed. 28 U.S.C. Sec. 2255. There is no exception to this rule merely because of the possibility that a prior conviction could be used to enhance future sentences. Maleng v. Cook, 490 U.S. 488, 492 (1989). If the prior conviction later is used to enhance a sentence, a movant can challenge the enhancement as invalid, by contending that the prior conviction was unconstitutionally obtained. Id. at 493-94; see also Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir.1990). But he may only do so by filing a collateral attack against the current sentence for which he is presently in custody. Maleng, 490 U.S. at 493; Feldman, 902 F.2d at 1448-49.
 
 
 4
 In 1988, Cote completed parole supervision for the sentence he received for the 1982 conviction. On December 2, 1992, Cote filed the section 2255 motion which underlies this appeal and attacks the 1982 conviction. Because Cote was no longer confined under the 1982 conviction, Cote's appeal from the denial of his section 2255 motion, attacking his 1982 conviction, is dismissed for lack of jurisdiction. See Maleng, 490 U.S. at 490-91; Feldman, 902 F.2d at 1448-49.
 
 
 5
 DISMISSED for lack of jurisdiction.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3