21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny FABRICANT, Petitioner-Appellant,
v.
Eddie YLST, Warden, Respondent-Appellee.
 No. 93-56348.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Fabricant, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. We affirm.
 
 
 3
 It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack[.]" Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. Secs. 2241(c)(3) & 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). If, however, a habeas petitioner is in custody under a sentence that has been enhanced by a prior conviction for which the sentence has fully expired, the petitioner can challenge the enhanced sentence by alleging that the prior conviction was unconstitutionally obtained. Maleng, 490 U.S. at 493-94; see also Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir.1990).
 
 
 4
 Here, in 1983, Fabricant pleaded guilty in Los Angeles County Superior Court to three criminal offenses and was sentenced to a prison term of three years and eight months. While on parole from this sentence, Fabricant was convicted in Ventura County Superior Court of new felony charges and, on September 4, 1990, was sentenced to a prison term of nine years and eight months; this sentence included a three-year enhancement based on Fabricant's 1983 conviction. Fabricant's sentence for his 1983 conviction was fully discharged on October 4, 1990, when he began serving the sentence imposed by the Ventura County Superior Court.
 
 
 5
 On October 4, 1991, Fabricant filed the section 2254 petition that underlies this appeal. The petition lists the 1983 Los Angeles County Superior Court conviction as the conviction being attacked. Because the sentence for this conviction expired before Fabricant filed his habeas petition, it cannot satisfy the "in custody" requirement of 28 U.S.C. Secs. 2241(c)(3) & 2254(a). See Maleng, 490 U.S. at 490-91.
 
 
 6
 Nevertheless, we are obliged to construe Fabricant's pro se petition as an attack on the sentence he currently is serving, which was enhanced by his allegedly invalid 1983 conviction. See id. at 493-94 (liberally construing pro se habeas petition as an attack on subsequent sentence that had been enhanced by an allegedly invalid prior conviction); Feldman, 902 F.2d at 1448-49 (same).
 
 
 7
 So construed, we affirm the district court's denial of the petition. Fabricant's petition alleged that his 1983 guilty plea was invalid because, in October 1988, the California Board of Prison Terms ("the Board") decided to extend Fabricant's parole after he had been on parole continuously for one year. In particular, Fabricant alleged that the Board's decision violated Cal.Penal Code Sec. 3001(a) and deprived him of due process. We need not consider this issue because the Board's decision was not the basis for the enhancement of Fabricant's current sentence. As we already have explained, the only issue that is properly before us is whether the sentence Fabricant currently is serving was improperly enhanced by an invalid prior conviction. See Maleng, 490 U.S. at 493-94; Feldman, 902 F.2d at 1448-49.
 
 
 8
 We reject Fabricant's assertion that the Board's 1988 decision to continue his parole violated the terms of the 1983 plea agreement. In his petition, Fabricant admits that he entered the plea "with the express understanding that he would receive some prison sentence, and would then be paroled." This is exactly what happened. Because Fabricant was fully informed of the direct consequences of his plea, he was not deprived of due process. See United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989) (" 'a defendant is entitled to be informed of the direct consequences of the plea' ") (quoting Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988)).[1] Because the Board's decision to continue Fabricant's parole did not invalidate his guilty plea, Fabricant has not established that his current sentence was enhanced by an invalid prior conviction. Accordingly, the district court correctly denied his habeas petition.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the Board's decision to extend Fabricant's parole was discretionary, it was not a direct consequence of the plea; indeed, when Fabricant entered his plea in 1983, it would have been impossible to forecast what action the Board subsequently would take. See Wills, 881 F.2d at 825 (a discretionary decision by a parole board is a collateral consequence; due process does not require that a defendant be informed of collateral consequences of a guilty plea) (citing Sanchez v. United States, 572 F.2d 210, 211 (9th Cir.1977))