35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fletcher CASEY, Jr., Petitioner-Appellant,
v.
James A. THOMAS, et al., Respondents-Appellees.
 No. 93-15060.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Fletcher Casey, Jr. appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions of two counts of forgery. Casey contends that the district court erred in finding that he procedurally defaulted on his state claims: (1) the trial court violated the Double Jeopardy Clause and (2) the trial court lacked jurisdiction. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 Jurisdiction
 
 3
 Generally, an expired conviction cannot satisfy the "in custody" requirement of a habeas petition. Maleng v. Cook, 490 U.S. 488, 492 (1989); Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.1990). However, this court must construe an inmate's pro se habeas petition challenging an expired conviction as an attack on the petitioner's current sentence as enhanced by the allegedly invalid expired conviction. Maleng, 490 U.S. at 492; Feldman, 902 F.2d at 1448.
 
 
 4
 Here, Casey's forgery convictions expired in 1984. Thus, he cannot satisfy the "in custody" requirement in his Sec. 2254 petition. See Maleng, 490 U.S. at 492; Feldman, 902 F.2d at 1448. However, we are obliged to construe Casey's pro se petition as an attack on the current sentence he is serving for armed robbery, which was enhanced by one of his forgery convictions. See Maleng, 490 U.S. at 492; Feldman, 902 F.2d at 1448. Therefore we have jurisdiction to entertain the petition under 28 U.S.C. Sec. 2253.
 
 Procedural Default
 
 5
 Under the independent and adequate state ground doctrine, federal courts generally may not review a case where a state law default precludes the state from deciding on the merits. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991); Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). However, collateral review is permitted if a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Attorney error cannot constitute cause to excuse the default if the petitioner had no constitutional right to counsel in the proceeding in which the default occurred. Id. at 2568; Miller v. Keeney, 882 F.2d 1428, 1432 (9th Cir.1989). A criminal defendant does not have a constitutional right to assistance of counsel on discretionary review. Pennsylvania v. Finely, 481 U.S. 551, 555 (1987).
 
 
 6
 Casey did not file a direct appeal of his 1981 conviction and sentence of two counts of forgery. Instead, Casey filed a petition for post-conviction relief in the state trial court in July 1985, claiming the following grounds for relief: (1) ineffective assistance of counsel; (2) double jeopardy; (3) lack of jurisdiction; and (4) prosecutorial delay. After the trial court denied this petition, Casey did not file a motion for rehearing, nor did he seek appellate review of that matter. Instead, Casey filed a second petition for post-conviction relief raising the same issues as his first petition. This petition was summarily denied by the trial court. On appellate review the Arizona Court of Appeals found, inter alia, that Casey had waived his claims when he failed to file a motion for rehearing or petition for review of his first petition for post-conviction relief. Thus, Casey is procedurally barred from asserting these claims in federal court. See Nunnemaker, 111 S.Ct. at 2593; Thomas, 945 F.2d at 1122.
 
 
 7
 To excuse his default, Casey claims three reasons for failing to challenge the denial of his first petition for post-conviction relief: (1) he did not receive a copy of the state's response to his petition; (2) he did not receive a copy of the court's minute order summarily dismissing his petition in time to file an appeal; and (3) ineffective assistance of appellate counsel. These claims lack merit. First, the state certified that it had mailed a copy of its response to Casey's attorney. Second, because Casey's attorney was listed on the court's minute order, it is presumed that his attorney received a copy of the minute order as well. Third, Casey cannot claim ineffective assistance of counsel as cause for his procedural default. See Coleman, 111 S.Ct. at 2568; Finely, 481 U.S. at 555; Miller, 882 F.2d at 1432.
 
 
 8
 Moreover, because Casey fails to show any other cause for and actual prejudice from the procedural default, or that the failure to consider his claims would result in a fundamental miscarriage of justice, he is barred from raising these claims in his federal appeal. See Coleman, 111 S.Ct. at 2565.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3