39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Patrick McGUIRE, Petitioner-Appellant,
v.
KERN COUNTY SUPERIOR COURT, et al. Respondents-Appellees.
 No. 93-16239.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 27, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Patrick McGuire, released on his own recognizance pending trial in Nevada County, California municipal court, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. He contends the district court erred by dismissing his petition pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37, 40 (1971). We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), we affirm.
 
 
 3
 McGuire challenges the validity of his 1980 Kern County felony conviction and thereby also challenges the validity of the current Nevada County charge of being a "felon" in possession of a firearm. He contends that his 1980 Kern County conviction was obtained by extrinsic fraud. He alleges he was convicted in 1980 of a misdemeanor, not a felony. He petitions the federal court to vacate the 1980 Kern County conviction or, in the alternative, issue an order deeming the 1980 conviction a misdemeanor and prohibiting Nevada County from proceeding any further against him.
 
 
 4
 It is a jurisdictional prerequisite that a section 2254 petitioner be in custody at the time his section 2254 petition is filed. 28 U.S.C. Sec. 2254; Maleng v. Cook, 490 U.S. 488, 492-93 (1989); Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir.1990). Absent exceptional circumstances, a federal court will not intervene in ongoing state criminal proceedings. See Younger, 401 U.S. at 40.
 
 
 5
 Because McGuire's sentence on his 1980 Kern County conviction had fully expired, the district properly found it lacked jurisdiction to consider any direct challenge to the Kern County conviction. See Maleng, 490 U.S. at 493; Feldman, 902 F.2d at 1448-49.
 
 
 6
 Because the Nevada County proceedings are pending, the district court properly found McGuire's section 2254 petition, challenging the Nevada County municipal court's possible use of the 1980 Kern County conviction, to be premature. See Younger, 401 U.S. at 40.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject McGuire's contention that his petition is ripe for consideration because the state courts denied his petitions for writs of prohibition raising these same arguments. Writs of prohibition do not exhaust a claim or render it ripe for federal adjudication. See Pitchess v. Davis, 421 U.S. 482, 488 (1975). Similarly, we reject McGuire's argument that this issue is ripe for review because it was reportedly raised to numerous state courts and, on August 24, 1994, denied by the California Supreme Court. See Sherwood v. Tomkins, 716 F.2d 632, 634 & n. 2 (9th Cir.1983) (except for claims of double jeopardy, federal habeas review is unavailable in the pre-trial period; even if the issue to be challenged has been finally settled in the state courts, a habeas petitioner must await the outcome of his state appeal before his state remedies are exhausted)