65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard ATILANO, Plaintiff-Appellant,
v.
David Mike GILBERT; Jack Guenther; John Moran; Ewing
Brothers, Inc.; James M. Bixler; Daniel
Ahlstrom, Defendants-Appellees.
 No. 95-15323.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Atilano appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). In his complaint, Atilano alleged that defendants, several Justices of the Peace, a private towing company, and various police officers, deprived him of his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's dismissal of an action pursuant to Rule 12(b)(6), Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (we may affirm the district court's decision on any grounds fairly supported by the record), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 3
 Fugitives from justice are disentitled to call upon the resources of the court for a determination of their claims. Molinaro v. New Jersey, 396 U.S. 365 (1970); see also Conforte v. Commissioner, 692 F.2d 587, 589-90 (9th Cir.1982) (extending the fugitive disentitlement doctrine to civil proceedings). The doctrine is not jurisdictional, but is based upon equitable considerations. See United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1517 (9th Cir.1995); United States v. Cauwenberghe, 934 F.2d 1048, 1054-55 (9th Cir.1991).
 
 
 4
 Here, Atilano is a fugitive from justice.[1] We discern no equitable considerations in favor of Atilano, who appears to be flouting the law. Accordingly, his section 1983 claim is barred by the fugitive disentitlement doctrine. See Conforte, 692 F.2d at 589-90.
 
 
 5
 In addition, we conclude that the district court did not err by declining to construe Atilano's claim as a petition for habeas relief because, as a fugitive from justice, Atilano cannot meet the requisite "in custody" requirement. See 28 U.S.C. Sec. 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (holding that federal prisoner's expired conviction cannot satisfy the "in custody" requirement); Feldman v. Perrill, 902 F.2d 1445 (9th Cir.1990) (same).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Atilano was convicted of three misdemeanors counts, including driving while his license was suspended, driving an unregistered vehicle, and operation of a motor vehicle without security. Atilano failed to appear at the scheduled sentencing hearing, at which time the court imposed a six month sentence. A bench warrant has been issued for Atilano's arrest