120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ira J. WALKER, Petitioner-Appellant,
v.
Ken MARION; Audrey Burke; Nancy Hughs, Grant, Respondents-Appellees.
 No. 96-16596.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ira J. Walker, an Arizona state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition. Walker contends that the district court erred by dismissing his petition because prison officials violated his due process rights when they suspended his Earned Release Credit Date ("ERCD") without a hearing, and refused to release him, even though the escape charges were dismissed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see McQueary v. Blodgett, 924 F.2d 829, 832 (9th Cir.1990), in light of our liberal construction of pro se petitions, see Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.1990). We vacate and remand for further proceedings.
 
 
 3
 The district court dismissed Walker's petition because he failed to comply with its order to pay the $5.00 filing fee required under section 1915(a)(2) of the Prisoner Litigation Reform Act of 1995 (the "PLRA"). However, we have concluded that the PLRA filing fee provisions are inapplicable to habeas corpus proceedings. See Naddi v. Hill, 106 F.2d 275, 277 (9th Cir.1997). Accordingly, the district court erred by dismissing Walker's petition. See McQueary, 924 F.2d at 832.[1]
 
 
 4
 VACATED and REMANDED for further proceedings.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Dismissal of a petition pursuant to Fed.R.Civ.P. 41(b) usually operates as an adjudication on the merits. See Fed.R.Civ.P. 41(b). However, we will not treat this dismissal as an adjudication on the merits, since the district court lacked legal authority to dismiss Walker's claim