[No. 14817-6-I.   Division One.   October 28, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. HERMAN
BARNES, *Appellant.*

*Anna Mari Sarkanen* of *Washington Appellate De-
fender Association,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine,
Deputy,* for respondent.

WILLIAMS, J.—Herman Barnes was charged by information with possession of a weapon by a prisoner, in violation of RCW 9.94.040, which provides:

> Every person serving a sentence in any penal institution of this state who, without authorization pursuant to law, while in such penal institution . . . knowingly possesses or carries upon his or her person or has under his or her control any weapon, . . . is guilty of a class B felony.

The trial court ruled that only the fact of Barnes's conviction need be proved, not the constitutional validity of that conviction. At trial, Barnes admitted that while incarcerated at the Washington State Reformatory he had in his possession a toothbrush which had been filed down to a point, commonly known as a "shank." Barnes was found guilty by a jury and appeals.

■■ The State is required to prove the constitutional validity of a prior "conviction" only if that conviction is used to enhance a present sentence or infringes on the exercise of a constitutionally protected right. *State v. Gonzales,* 103 Wn.2d 564, 567, 693 P.2d 119 (1985). It is true that an individual citizen has a constitutionally protected right to bear arms which includes a weapon. *State v. Rupe,* 101 Wn.2d 664, 683 P.2d 571 (1984); Const. art. 1, § 24. But that constitutional guaranty is subject to reasonable regulation by the State under its police power. *State v. Krantz,* 24 Wn.2d 350, 164 P.2d 453 (1945). RCW 9.94.040 is such a reasonable regulation.

For a person serving a sentence in a penal institution to carry or have under his control a weapon is unthinkable. That applies to everyone serving a sentence even though that sentence might later be determined to be constitutionally infirm. Were the rule otherwise, the integrity of every penal institution in this state and the safety of every inmate therein would be in jeopardy.

58

Affirmed.

SCHOLFIELD, A.C.J., and WEBSTER, J., concur.