Jose CONTRERAS, Petitioner–Appellant,

v.

Ted SCHILTGEN, District Director; Immigration and Naturalization Service; United States Department of Justice, Respondents–Appellees.

No. 96–15577.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 1996.

Decided July 31, 1997.

Reargued and Submitted June 17, 1998.

Decided Aug. 7, 1998.

Norton Tooby, Oakland, CA, for petitioner-appellant.

Glyndell E. Williams, Special Assistant U.S. Attorney, Sacramento, CA, Donald E. Keener, Deputy Director, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for respondents-appellees.

Before: WOOD,* SCHROEDER, and HALL, Circuit Judges.

SCHROEDER, Circuit Judge:

This is a 28 U.S.C. § 2241 habeas corpus proceeding against the Immigration and Naturalization Service. The petitioner Jose Contreras challenges his INS detention pending completion of deportation proceedings. Contreras is charged with being deportable under 8 U.S.C. § 1227(a)[1] on the basis of his prior California conviction for assault with a firearm. He claims the state court conviction is not valid because defense counsel was ineffective in advising him to plead guilty.

The issue is the district court's jurisdiction to consider an attack on the state court conviction after the sentence on that count has completely expired. In our original opinion, we affirmed the district court's dismissal of the petition, holding that "Contreras may not collaterally attack his state court conviction in a habeas proceeding against the INS." *Contreras v. Schiltgen,* 122 F.3d 30, 31–32 (9th Cir.1997). We reasoned that the INS may rely on the validity of the state court conviction until it is overturned in collateral proceedings against the state. We acknowledged, however, that § 2254 proceedings against the state appear to be foreclosed by the expiration of the state sentence. *Id.* at 33 (citing *Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)).

We granted rehearing because of an apparent conflict between our opinion and the decision of this court in *Feldman v. Perrill,* 902 F.2d 1445 (9th Cir.1990). *See also Brock v. Weston,* 31 F.3d 887 (9th Cir.1994) (following *Feldman* in another context).

The petitioner in *Feldman* was a federal prisoner serving a sentence that had been enhanced by a prior state conviction. We held that he could maintain a § 2241 habeas action against the federal official detaining

him in order to attack the validity of the state court conviction, even though the state sentence had expired. *See* 902 F.2d at 1448–49.

Subsequent to *Feldman,* the Supreme Court decided *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), which restricted collateral review of prior convictions. The defendant in *Custis* was convicted of a federal crime and faced an enhanced sentence under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) (ACCA), on account of prior state convictions. That statute provides a mandatory minimum sentence of 15 years for any person who "has three previous convictions ... for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Custis attempted to challenge the validity of the state convictions during the federal sentencing proceeding. The Court held that a defendant in a federal sentencing hearing has no right to challenge the validity of a prior state conviction used for enhancement purposes, unless the conviction was obtained in violation of the *Gideon* right to counsel. *See* 511 U.S. at 496, 114 S.Ct. 1732 (citing *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)). The Court reasoned that the ACCA requires enhancement on the basis of the fact of prior convictions and does not permit a sentencing court to second-guess the validity of those convictions. *See id.* at 491, 114 S.Ct. 1732.

We interpreted *Custis* in *Clawson v. United States,* 52 F.3d 806 (9th Cir.1995), where we considered whether a petitioner could use 28 U.S.C. § 2255 to challenge the federal court's reliance on an allegedly invalid state court conviction to enhance a federal sentence. We read *Custis* to bar federal habeas review of the validity of a prior conviction used for federal sentencing enhancement unless the petitioner raises a *Gideon* claim. The circuits are divided on the interpretation of *Custis* in the habeas context. The Eighth Circuit, in line with *Clawson,* has held that *Custis* bars habeas challenges of prior convictions used for federal sentence enhancement. *See Arnold v. United States,* 63 F.3d

---

* The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

1. Former section 8 U.S.C. § 1251 has been recodified at § 1227.

708, 709 (8th Cir.1995). The Third Circuit, by contrast, has distinguished between collateral challenges made at sentencing and those brought by way of a habeas attack on an enhanced sentence. *Young v. Vaughn,* 83 F.3d 72, 77 (3d Cir.1996). The Third Circuit read *Custis* as limited to the context of sentencing proceedings and permitted a federal habeas challenge to an expired sentence used to enhance a federal sentence. *Id.*

■ Feldman was decided before *Custis.* Although *Feldman* appears to authorize federal review of the constitutionality of state convictions relied upon by federal courts to enhance federal sentences, its reach has clearly been narrowed by *Custis.* Under *Custis,* as interpreted by *Clawson,* we must hold that when a habeas petition attacks the use of a prior conviction as a basis for INS custody, and the prior sentence has expired, federal habeas review is limited. When the federal proceeding is governed by statutes that limit inquiry to the fact of conviction, there can be no collateral review of the validity of the underlying conviction except for *Gideon* claims.

■ As we pointed out in our original opinion, the statute pursuant to which the INS seeks to deport Contreras limits the INS inquiry to the fact of conviction. *See* 122 F.3d at 32 (citing former 8 U.S.C. § 1251(a)(2)). The statute states: "Any alien who at any time after admission is convicted under any law of . . . possessing or carrying . . . a firearm . . . in violation of any law is deportable." 8 U.S.C. § 1227(a)(2)(C). It is thus materially similar to the language of the Armed Career Criminal Act interpreted in *Custis* and *Clawson.* Contreras does not contest the fact of conviction or its facial validity. Nor does he claim that he was denied counsel. Accordingly, under controlling authority that supersedes *Feldman,* the district court properly dismissed the petition.

Our decision is limited to the deportation context and does not necessarily bear on the validity of our holding in *Brock v. Weston,* 31 F.3d 887 (9th Cir.1994), in which we permitted collateral review of an expired state conviction in § 2254 habeas challenge to state civil confinement predicated thereon.

We conclude that we reached the correct result in this case the first time, and we need not consider the effect of the intervening congressional enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996).

AFFIRMED.