**Edward E. ALLEN, Petitioner–Appellant,**

v.

**STATE OF OREGON, Respondent–Appellee.**

**No. 98–35031.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1998.

Decided Aug. 31, 1998.

Thomas K. Coan, Portland, Oregon, for petitioner-appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, Oregon, for respondent-appellee.

Before: ALARCON, FERGUSON, and BRUNETTI, Circuit Judges.

ALARCON, Circuit Judge:

Edward Allen ("Allen") appeals from the order dismissing his habeas corpus petition challenging the constitutional validity of his 1991 state misdemeanor convictions for issuing false financial statements. We affirm that portion of the district court's decision pertaining to the issue of whether Allen was "in custody" for purposes of challenging the state convictions. We vacate that portion of the district court's decision dismissing Allen's petition on mootness grounds because we conclude that the court lacked personal jurisdiction over the warden of the federal prison where Allen was incarcerated at the time the petition was filed.

I

Allen filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 on October 30, 1996, attacking four 1991 state misdemeanor convictions. For these state convictions, Allen was placed on probation and ordered to serve four consecutive six-month jail terms as a condition of probation. This jail time was ordered to be served concurrently with Allen's thirty-six month state sentence imposed for his felony convictions on charges of theft and aggravated theft. The Court of Appeals of Oregon, citing *ex post facto* concerns, vacated the sentence of jail time in two of the four misdemeanor cases. *See Oregon v. Allen*, 120 Or.App. 526, 851 P.2d 638, 639 (1993). Thus, the cumulative jail time served by Allen pursuant to the convictions challenged in his § 2254 petition was twelve months.

In 1987, Allen pled guilty to federal charges of filing false tax returns in violation of 18 U.S.C. § 287, and making false statements on loan applications in violation of 18 U.S.C. § 1014. Allen's sentence for the 1987 offenses was suspended, and he was placed on five years' probation. In 1988, the district court found that Allen had violated the terms of the 1987 probation order. The court modified the terms of Allen's probation, adding two special conditions prohibiting Allen from (1) completing any cash transaction over one-hundred dollars ($100), and (2) engaging in any financial transaction over one-hundred dollars ($100) without the involvement of a banking institution and the approval of the probation officer.

On February 5, 1992, a petition for warrant and order to show cause why probation should not be revoked was issued by the United States District Court for the District of Oregon. The petition alleged that Allen's state felony and misdemeanor convictions as well as the conduct underlying those convictions violated the terms of Allen's 1988 probation order.

In December 1993, Allen was indicted by a federal grand jury on forty-seven counts of making false statements on loan applications in violation of 18 U.S.C. § 1014. Allen was convicted on thirty-five of the forty-seven counts on January 31, 1994. On October 17, 1994, Allen was sentenced by Judge Michael Hogan to serve concurrent sentences totaling forty six months for the 1994 convictions. The court also revoked Allen's 1988 federal probation, and sentenced Allen to serve a total of sixty months imprisonment for the 1987 offenses underlying the probation order. This sentence was ordered to be served consecutively with the forty-six month sentence. Judge Hogan originally based the probation revocation solely on Allen's 1994 convictions. On November 14, 1994, the court amended the revocation of probation order, citing Allen's state convictions and the conduct underlying those convictions, as well as the new 1994 federal convictions, as grounds for revoking Allen's 1988 probation.

Allen was released from state custody directly into federal custody on February 24, 1994. Pursuant to Oregon law, Allen's state probationary period ended on June 21, 1996. Allen filed his habeas corpus petition in this matter on October 30, 1996. He named the State of Oregon as the sole respondent. On January 13, 1997, the district court ordered Allen to "file an amended habeas corpus petition naming his [Allen's] current custodi-

an [Joseph Crabtree, Warden FCI Sheridan] as the respondent, as well as the Attorney General of the State of Oregon." Allen complied with the court's order, and filed an amended § 2254 petition on January 28, 1997, naming both Joseph Crabtree, in his capacity as warden of the federal prison where Allen was incarcerated, and the Attorney General of the State of Oregon as respondents. Allen also filed a certificate of service with the court, declaring that he had "served a copy of the amended petitioner [sic] for relief pursuant to § 2254 upon the defendants ... by mailing the same in the U.S. mail." The State of Oregon filed a motion to dismiss this § 2254 petition on the ground that Allen was no longer in state custody. The district court granted the State of Oregon's motion on mootness grounds and dismissed Allen's § 2254 petition. Allen appeals from the order dismissing the § 2254 petition.

## II

■ Section 2254 of Title 28 states in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)).

Allen's state sentence expired on June 21, 1996. As of June 22, 1996, Allen was no longer in state custody. Allen's § 2254 petition attacking the validity of the state convictions was not filed until October 30, 1996. Allen maintains, however, that the Supreme Court's decision in *Garlotte v. Fordice*, 515 U.S. 39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995), suggests that Allen is still "in custody" under the expired state sentence for habeas corpus jurisdiction purposes. Alternatively, Allen argues that the "in custody" requirement is satisfied because on the date the § 2254 petition was filed, he was serving a federal sentence "enhanced" by the allegedly invalid state convictions.[1]

In *Garlotte*, the Court held that a series of consecutive sentences is to be treated as a "continuous stream," so that a petitioner "remains 'in custody' under all of his sentences until all are served." *Id.* at 41, 115 S.Ct. 1948. Accordingly, argues Allen, the district court had subject matter jurisdiction to consider his § 2254 challenge to the state convictions directly—without resort to the deferential construction rule announced in *Cook*. This argument is without merit. As we explained in *Contreras v. Schiltgen*, 122 F.3d 30 (9th Cir.1997), *aff'd on add'l grounds*, 151 F.3d 906, slip op. 8675 (9th Cir.1998), *Garlotte* applies only when the petitioner is still in the custody of the same sovereign responsible for the challenged conviction. *See id.* at 33. Here, Allen is no longer in state custody. Hence, Allen's reliance on *Garlotte* is misplaced.

■ Allen's alternative argument that he is "in custody" under a federal sentence "enhanced" by the allegedly invalid state convictions derives from the Supreme Court's decision in *Cook* and our decision in *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir.1990).

In *Cook*, the petitioner filed a *pro se* petition for habeas corpus relief, challenging a 1958 state conviction which "expired by its terms in 1978."[2] *Cook*, 490 U.S. at 489, 109 S.Ct. 1923. Cook filed the § 2254 petition in 1985, while serving a federal sentence for

---

1. Allen argues that his federal sentences would have commenced sooner but for the time he had to serve on the state sentences arising from the allegedly invalid 1991 misdemeanor convictions.

2. While the Supreme Court's opinion does not state explicitly that Cook's habeas corpus petition was filed pursuant to 28 U.S.C. § 2254, the fact is confirmed by this court's opinion in *Cook v. Maleng*, 847 F.2d 616, 617 (9th Cir.1988) ("Cook,

bank robbery and conspiracy. Cook was scheduled to return to state custody at the end of his federal sentence to begin serving a sentence stemming from a 1978 state court conviction. The district court dismissed Cook's petition for lack of subject matter jurisdiction, citing the "in custody" requirement of § 2254. We reversed the district court's decision, holding that "because Cook's 1958 conviction lengthened his [subsequent] 1978 [state court] sentence, Cook is 'in custody' for the purposes of a habeas corpus attack on the 1958 conviction." *Cook v. Maleng,* 847 F.2d 616, 618–19 (9th Cir.1988). The Supreme Court disagreed with our reasoning, holding that "once the sentence imposed for a conviction has completely expired, the collateral consequences of [a state court] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon [the state court's judgment]." *Cook,* 490 U.S. at 492, 109 S.Ct. 1923. Rather than dismissing Cook's petition for lack of subject matter jurisdiction, however, the Court construed Cook's *pro se* petition "as asserting a challenge to the 1978 [state court] sentences, as enhanced by the allegedly invalid prior [state court] conviction." *Id.* at 493, 109 S.Ct. 1923. Relying on its decision in *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426

(1968)(holding that a petitioner serving the first of two consecutive sentences met the habeas corpus statute's "in custody" requirement for challenging the second sentence which he had not yet begun to serve), the Court deemed Cook to be "in custody" under the 1978 state sentences. The Court held that Cook had satisfied the jurisdictional requirements for a federal habeas corpus challenge to a state sentence. *Cook,* 490 U.S. at 493–94, 109 S.Ct. 1923.

In *Feldman,* this court applied *Cook* in construing a *federal* prisoner's *pro se* § 2254 petition challenging an expired state sentence as a challenge under 28 U.S.C. § 2241(c) to the United States Parole Commission's ("USPC") calculation of his eligibility for parole. *See Feldman,* 902 F.2d at 1448–49. We explained in *Feldman* that "we have jurisdiction to entertain [Feldman's] petition only by construing it as an attack on his *federal* sentence." *Id.* at 1450 n. 3 (emphasis added). In remanding the petition to the district court, the panel stated that if the district court concluded that the USPC had relied on the challenged state conviction in calculating Feldman's parole eligibility, then the district court "shall consider and resolve Feldman's claim that the challenged conviction was improper." *Feldman,* 902 F.2d at 1449.[3] In light of *Cook* and *Feldman,* we are

a federal prisoner, appeals pro se the dismissal for lack of subject matter jurisdiction of his 28 U.S.C. § 2254 habeas petition.").

**3.** In *United States v. Custis,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court held that a defendant has no constitutional right to attack collaterally the validity of a prior conviction used to enhance a federal sentence, except in cases where the prior conviction was obtained in violation of the Sixth Amendment right to counsel. *Id.* at 493–97, 114 S.Ct. 1732. Following the Court's decision in *Custis,* questions have been raised in this circuit as to the scope of the holding in *Feldman* which directed the district court to permit a collateral attack on a prior state conviction used to "enhance" a federal sentence being challenged in a habeas corpus proceeding. *Compare Contreras v. Schiltgen,* 151 F.3d 906, 907 (9th Cir.1998), *aff'g on add'l grounds* 122 F.3d 30 (9th Cir.1997)(reading *Custis* "to bar federal habeas review of the validity of a prior conviction used for federal sentencing enhancement unless the petitioner raises a *Gideon* claim" and concluding that *Feldman's* "reach has clearly been narrowed by *Custis*"), *and Clawson v. United States,* 52 F.3d 806 (9th

Cir.1995)(relying on the Court's holding in *Custis* to deny a motion for habeas corpus relief under 18 U.S.C. § 2255 challenging the improper use of a non-final state conviction for federal sentence enhancement purposes), *with Brock v. Weston,* 31 F.3d 887 (9th Cir.1994)(explaining that the "[*Custis* ] Court's constitutional holding was ... clearly premised on the fact that collateral attacks based on *other* defects [aside from the denial of the Sixth Amendment right to counsel] may be heard on habeas review"), *and United States v. Price,* 51 F.3d 175 (9th Cir.1995)(reading *Custis* to hold "that defendants who wish to challenge the validity of prior convictions to be used for sentence enhancement have the constitutional right to do so only through habeas corpus"). We do not need to resolve these questions here because our reliance on *Feldman* is limited to its holding that courts should construe pro se habeas corpus petitions attacking convictions for which the petitioner is no longer in custody as challenges to the petitioner's current federal sentence, as enhanced by the allegedly invalid prior conviction. We express no opinion as to whether *Custis* limits Allen's ability to challenge his prior state convictions in an attack on his current federal sentence as "enhanced."

required to construe Allen's *pro se* § 2254 petition as a collateral attack on his current federal sentence, as "enhanced" by the allegedly invalid 1991 state misdemeanor convictions.

### III

■ As discussed above, the court ordered Allen to file an amended petition naming his federal custodian as respondent. Allen complied with the court's order, and certified to the court that he had served the amended petition on both the federal warden and the Oregon Attorney General. There is nothing in the record that demonstrates the warden actually received the petition mailed by Allen. Subsequent to Allen's filing of the amended petition, the court ordered its clerk to "serve a copy of ... the petition on the Attorney General for the State of Oregon, who shall be the respondent in this action." Thereafter, the matter proceeded against the State of Oregon, without any appearance by the federal warden or his designated representative. The State of Oregon has argued throughout the course of these proceedings that because it is no longer Allen's custodian, it is not the proper governmental entity "to defend the validity or duration of a federal sentence." We agree. The failure to effect service on the warden of the federal prison cannot be attributed to Allen. He attempted to serve the proper party. The district court should have directed its clerk to serve Allen's petition on the federal warden. *See* 28 U.S.C. § 2243.[4] The failure to effect service on the warden of the federal prison deprived the district court of personal jurisdiction over the proper respondent.

■ "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Section 2242 of Title 28 states in pertinent part that an application for a writ of habeas corpus "shall allege ... the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. In *Dunne v. Henman,* 875 F.2d 244 (9th Cir.1989), we stated that where a prisoner files a § 2241 petition challenging the manner of execution of his sentence, the "prisoner must name the warden of the penitentiary where he is confined as respondent." *Id.* at 249; *see also Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992)(explaining that a federal habeas petitioner's immediate custodian is the only party that can actually produce the body of the petitioner). Citing *Dunne,* we held in *Stanley v. California Supreme Court,* 21 F.3d 359 (9th Cir.1994), that "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Id.* at 360. The district court's failure to order that Allen's federal custodian be served deprived the court of *in personam* jurisdiction over an indispensable party. *See Morehead v. California,* 339 F.2d 170, 171 (9th Cir.1964)(holding that "a petition for a writ of habeas corpus must be dismissed for want of an indispensable party where the party under whose custody the prisoner is detained has not been named, or served, as respondent").

### CONCLUSION

The district court's order granting the State of Oregon's motion to dismiss Allen's amended petition was premised on the court's initial determination that Allen was no longer in state custody. Pursuant to the holdings in *Cook* and *Feldman,* the district court construed Allen's amended petition as "a petition challenging his federal sentences" as enhanced by the allegedly invalid state convictions. The court then dismissed the amended petition as moot, finding that "[t]he constitutional validity of petitioner's state-court convictions for Issuing False Statements ... has no determinative or material relationship to petitioner's current federal incarceration." The district court correctly

---

**4.** 28 U.S.C. § 2243 states in pertinent part:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained.

determined that Allen was no longer in state custody at the time he filed his initial § 2254 petition. The State of Oregon has "extracted its punishment and has no further interest in petitioner." *Feldman,* 902 F.2d at 1450. Accordingly, the dismissal of the action against the State of Oregon was correct. The district court erred, however, in failing to require the clerk to serve Allen's federal custodian with a copy of the amended petition. We express no view regarding the merits of any of the claims set forth in the amended petition. Upon remand, the district court is directed to order its clerk to serve the amended petition on Allen's federal custodian.

AFFIRMED IN PART AND VACATED IN PART with directions.