Oluf Kaae KARR, Petitioner,

v.

Joseph H. CRABTREE, Respondent.

UNITED STATES of America, Plaintiff,

v.

Oluf Kaae KARR, Defendant.

Nos. CS–95–543–JLQ, CR–91–055–JLQ.

United States District Court,
E.D. Washington.

Oct. 8, 1998.

---

2. The state disability discrimination statute, ORS 659.436, is to be construed consistently with the ADA. *See* ORS 659.449.

Gerald R. Smith, Federal Defender, Spokane, WA, for Defendant.

Oluf Kaae Karr, Sheridan, OR, pro se.

Thomas Owen Rice, U.S. Atty's Office, Spokane, WA, for U.S.

MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE

QUACKENBUSH, Senior District Judge.

**BEFORE THE COURT** is Petitioner Olaf Karr's Amended Petition for Writ of Habeas Corpus, heard without oral argument on October 6, 1998. Petitioner/Defendant is proceeding **pro se.** Assistant United States Attorney Thomas O. Rice represents Respondent/Plaintiff. Having reviewed the record, and being fully advised in this matter, **IT IS HEREBY ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** for the following reasons.

## BACKGROUND

The complex background of this case illustrates well the problems associated with a Defendant's right to collaterally attack a prior criminal conviction by way of habeas corpus, the interrelationship between the various habeas corpus statutes, as well as the collateral consequences of sentences enhanced by previous convictions and expired sentences.

On June 12, 1991, Oluf Karr pleaded guilty in this court to a felon in possession of a firearm charge in violation of 18 U.S.C. § 922(g)(1). The Presentence Report prepared by the Probation Office confirmed that Mr. Karr had previously been convicted and sentenced for (1) first degree armed robbery, following a jury trial in the California Superior Court for Contra Costa County on March 31, 1966; (2) first degree armed robbery, following a guilty plea in the California Superior Court for San Joaquin County on April 11, 1966; (3) a second first degree armed robbery, following a guilty plea in the California Superior Court for San Joaquin County on April 11, 1966; and (4) conspiracy to smuggle heroin in the United States District Court for the Northern District of California on October 11, 1978.

On August 23, 1991, the court imposed a sentence of 15 years in prison as an "armed career criminal" pursuant to 18 U.S.C. § 924(e)(1). Section 924(e)(1) provides that anyone convicted of being a felon in possession of a firearm with three previous convictions by any court for a violent felony or a serious drug offense **"shall be imprisoned not less than 15 years."**

In June 1993, Mr. Karr filed a Petition for Reduction of Sentence arguing that his current conviction for possession of a firearm by a felon was not a crime of violence and therefore, he should not have been sentenced as a "career offender" pursuant to U.S.S.G. § 4B1. This petition was denied because Mr. Karr was not sentenced pursuant to U.S.S.G. § 4B1, but rather was sentenced pursuant to 18 U.S.C. § 924(e).

On May 10, 1995, Mr. Karr filed a Petition for Writ of Habeas Corpus in the Northern District of California, challenging his March 31, 1966 conviction of first degree armed robbery, a claim he had exhausted in the state courts. The District Court for the Northern District of California treated the Petition as a Petition under 28 U .S.C. § 2255 challenging his federal sentence, which he was serving at the time, and transferred the petition to this sentencing court.

Mr. Karr then filed an Amended Petition for Writ of Habeas Corpus arguing that both the March 31, 1966 conviction for first degree armed robbery and one of the April 11, 1966 convictions for first degree armed robbery were unconstitutional in that his guilty pleas were not voluntarily and intelligently made, and that his attorney provided ineffective assistance of counsel. On July 30, 1966, the court dismissed Mr. Karr's Amended Petition Without Prejudice for failure to exhaust his state remedies as to the April 11, 1996 conviction, as required by the holding in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

On September 26, 1996, Mr. Karr moved to reopen his amended habeas petition, and the court denied the motion on March 24, 1997. Mr. Karr then pursued an appeal to the

Ninth Circuit Court of Appeals of the Order Denying the Motion to Reopen. The Ninth Circuit remanded the case to this court for a decision either granting or denying a certificate of appealability. On June 24, 1997, this court denied a certificate of appealability, and on October 10, 1997, the Ninth Circuit also denied a certificate of appealability.

On May 14, 1998, Mr. Karr filed a Motion to Lift Stay on Amended Petition for Writ of Habeas Corpus. However, Mr. Karr's petition was never stayed, rather it was dismissed without prejudice for failure to exhaust state remedies. By Order dated August 24, 1998, the court treated Mr. Karr's motion as a renewed Motion to Reopen the Amended Petition, Mr. Karr having now exhausted his state court remedies. The court granted the Motion to Reopen the Amended Petition. The court directed the Government to respond to Petitioner's Amended Petition, and directed Mr. Karr to serve and file his reply on or before October 2, 1998.

The Government timely filed its response. Rather than filing a reply, Mr. Karr has now filed a Motion for Order to Stay Proceedings (Ct.Rec.87); Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Ct.Rec.88); Motion for Leave to Amend (Ct.Rec.89); and yet another Amended Petition for Writ of Habeas Corpus (Ct.Rec.90), challenging still another expired state court conviction. All of these motions are **HEREBY DENIED,** as the court finds it does not have subject matter jurisdiction over any challenge to state convictions with expired sentences used to enhance Mr. Karr's federal sentence.

## DISCUSSION

Mr. Karr is challenging the constitutional validity of convictions in California state courts 32 years ago, with sentences long ago expired, which were used to enhance Mr. Karr's federal sentence. The court is satisfied that it does not have subject matter jurisdiction over these claims or any other challenges to the expired state convictions, absent a claim that Mr. Karr was convicted without the opportunity to be represented by an attorney.

The Government contends that Mr. Karr's petition should be dismissed for several reasons including (1) Petitioner Karr has not met the prerequisites of Rule 59 or Rule 60 to reopen his petition; (2) Mr. Karr has procedurally defaulted his claims; (3) the Ninth Circuit has not decided whether a prisoner can collaterally challenge the validity of a prior conviction used for federal sentencing enhancement, other than a claim pursuant to *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); and (4) the Petition should be dismissed on the merits. This court is satisfied that Mr. Karr cannot collaterally attack the validity of his prior convictions used to enhance his federal sentence, other than a *Gideon* claim, which he does not have. Therefore, Mr. Karr's Petition must be dismissed because this court lacks subject matter jurisdiction, making the other asserted reasons for dismissing the Petition moot.

To begin with, while there are statutes providing the means for a prisoner to collaterally challenge both state court convictions and federal convictions, it is clear that there is no statute which specifically authorizes the collateral challenge to the validity of state court convictions which have completely expired and are used to enhance a federal sentence.

28 U.S.C. § 2241 provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless [h]e is **in custody** in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254 is the means by which a prisoner **"in custody pursuant to the judgment of a State court"** may challenge the state conviction. 28 U.S.C. § 2255, on the other hand provides the vehicle for challenging a federal conviction and sentence. It provides that a prisoner **in custody** under sentence of a court, claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

The **"in custody"** language of all the habeas corpus statutes has been the subject of numerous Supreme Court and Ninth Circuit decisions. No Supreme Court decision directly addresses the issue currently before this court, and opinions of panels of the

Ninth Circuit have ruled inconsistently on the question. The most recent Ninth Circuit case on the subject leaves this question still unanswered in this circuit. *See Allen v. State of Oregon*, 153 F.3d 1046 (9th Cir.1998), discussed **infra.**

In the early case of *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), the Supreme Court held that the governing federal prescription permits prisoners incarcerated under **consecutive state-court sentences** to apply for federal habeas relief from sentences they had not yet begun to serve. The petitioner was serving the first of two consecutive state-court sentences and was challenging the second conviction the sentence for which he had not yet begun to serve. The Court stated that, for purposes of habeas relief, consecutive sentences should be treated as a continuous series.

Twenty years later, in *Cook v. Maleng*, 847 F.2d 616, (9th Cir .1988), the Petitioner filed a petition for habeas relief, challenging a 1958 state-court conviction which had expired by its terms in 1978. Cook filed a petition under § 2254 in 1985, while serving a federal sentence. Cook was scheduled to return to state custody at the end of his federal sentence to begin serving a sentence stemming from a 1978 state court conviction. The Ninth Circuit held that "because Cook's 1958 conviction lengthened his subsequent 1978 state court sentence, Cook was 'still in custody' for the purposes of a habeas attack on the 1958 conviction."

The Supreme Court granted certiorari and in *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), held that **the potential use of a conviction to enhance a sentence for subsequent offenses** did not suffice to render a person "in custody" within the meaning of the habeas statute. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of [a subsequent state court] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon [the previous state court's judgment]". The *Maleng* Court commented that to allow such a challenge "would read the 'in custody' requirement out of the statute." However, the Court left open the possibility that a conviction underlying an expired sentence might be subject to chal-

lenge in a collateral attack upon the subsequent sentence that the expired sentence was used to enhance. *Id.* at 492, 109 S.Ct. 1923.

Then, in 1990, the Ninth Circuit decided the case of *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir.1990). The court applied *Maleng* in construing a federal prisoner's **pro se** § 2254 petition under 18 U.S.C. § 2241 to the United States Parole Commission's (USPC) calculation of his eligibility for parole. The Ninth Circuit explained that "we have jurisdiction to entertain [Feldman's] petition only by construing it as an attack on his federal sentence." In remanding the petition to the district court, the panel stated that if the district court concluded that the USPC had relied on the challenged state conviction in calculating Feldman's parole eligibility, then the district court "shall consider and resolve Feldman's claim that the challenged conviction was improper." *Feldman*, 902 F.2d at 1449.

Subsequently in *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court held that a defendant has no constitutional right to attack collaterally during sentencing the validity of a prior conviction used to enhance a federal sentence, except in cases where the prior conviction was obtained in violation of the Sixth Amendment right to counsel pursuant to *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *Custis*, at 493–97, 114 S.Ct. 1732.

Then, in *Garlotte v. Fordice*, 515 U.S. 39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995), the petitioner was serving the second of **consecutive state-court sentences** and was challenging the first conviction, the sentence for which he had already served. The Court distinguished *Maleng*. "Unlike the habeas petitioner in *Maleng*, Garlotte is serving **consecutive sentences.**" *Garlotte* at 45, 115 S.Ct. 1948. The Court relied on the reasoning of *Peyton v. Rowe, supra*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, holding that a series of **consecutive sentences** is to be treated as a "continuous stream," so that a habeas corpus petitioner "remains in custody under all of his sentences until all are served." *Id.* at 41, 115 S.Ct. 1948.

Following The Supreme Court decision in *Custis,* questions have arisen at the Ninth Circuit as to the scope of the holding in *Feldman.* Panel decisions have been inconsistent. **Compare** *Contreras v. Schiltgen,* 151 F.3d 906 (9th Cir.1998) and *Clawson v. United States,* 52 F.3d 806 (9th Cir.1995) **with** *Brock v. Weston,* 31 F.3d 887 (9th Cir. 1994) and *United States v. Price,* 51 F.3d 175 (9th Cir.1995).

The court in *Contreras v. Schiltgen,* 151 F.3d 906 (9th Cir.1998) read *Custis* "to bar federal habeas review of the validity of a prior conviction used for federal sentencing enhancement unless the petitioner raises a *Gideon* claim" and concluded that *Feldman's* "reach has clearly been narrowed by *Custis.*" The Ninth Circuit explained that *Garlotte* applies only when the petitioner is still in the custody of the **same sovereign responsible for the challenged conviction.**

Likewise in *Clawson v. United States,* 52 F.3d 806 (9th Cir.1995), *cert. denied,* 516 U.S. 897, 116 S.Ct. 252, 133 L.Ed.2d 177 (1995) the court relied on the Court's holding in *Custis* to deny a motion for habeas corpus relief under 18 U.S.C. § 2255 challenging the improper use of a non-final state conviction for federal sentence enhancement purposes.

To the contrary, in *Brock v. Weston,* 31 F.3d 887 (9th Cir.1994), the court explained that the *Custis* Court's constitutional holding was limited to collateral attacks at sentencing hearings. The *Custis* Court's constitutional holding was ". . . clearly premised on the fact that collateral attacks based on other defects [aside from the denial of the Sixth Amendment right to counsel] may be heard on habeas review." Likewise, in *United States v. Price,* the court read *Custis* to hold "that defendants who wish to challenge the validity of prior convictions to be used for sentence enhancement have the constitutional right to do so only through habeas corpus." The panels in *Brock* and *Price* thus limited the *Custis* holding as barring collateral attacks at the time of sentencing.

Most recently in *Allen v. State of Oregon, supra,* 153 F.3d 1046, the Ninth Circuit recognized this problem of inconsistent holdings. The Petitioner in *Allen,* filed a petition for writ of habeas corpus challenging the constitutional validity of his four state misdemeanor or convictions, while he was incarcerated in federal prison pursuant to a sentence enhanced by his previous state convictions. Allen had been released from state custody directly into federal custody. Allen argued that he was still in custody under the expired state sentences for habeas corpus purposes, since he was serving a federal sentence "enhanced" by the allegedly invalid state convictions, just as Mr. Karr argues here. Mr. Allen, like Mr. Karr, was no longer in state custody, and therefore could not rely on *Garlotte.*

The *Allen* court did note that the Supreme Court has "interpreted the statutory language in 28 U.S.C. § 2255 requiring that a habeas corpus petitioner be 'in custody' as requiring that the petitioner be in custody under the conviction or sentence under attack at that time his petition is filed" citing *Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). However, the *Allen* court also stated:

We do not need to resolve these questions here because our reliance on *Feldman* is limited to its holding that courts should construe **pro se** habeas corpus petitions attacking convictions for which the petitioner is no longer in custody as challenges to the petitioner's current federal sentence, as enhanced by the allegedly invalid prior conviction. **We express no opinion as to whether *Custis* limits Allen's ability to challenge his prior state convictions in an attack on his current federal sentence as enhanced.**

*Id.* (emphasis added).

This court has from the beginning treated Mr. Karr's habeas corpus petition challenging his prior convictions as an attack on his federal sentence as enhanced, pursuant to *Feldman.* However, this court must now go further and determine whether it has subject matter jurisdiction of Mr. Karr's collateral challenge to an expired state court conviction. Looking at the Supreme Court and Ninth Circuit cases in more depth, the court concludes it does not have such jurisdiction for the following reasons.

In *Cook v. Maleng,* 847 F.2d 616 (9th Cir.1988), the federal prisoner brought a habeas corpus petition alleging that his prior,

expired conviction had been illegally used to enhance both his current federal and consecutive state sentences. The District Court dismissed the petition. The Ninth Circuit reversed and remanded. The Ninth Circuit broadly construed the "in custody" requirement, holding that the collateral consequences of an expired conviction might suffice to render a prisoner "in custody" for purposes of attacking the conviction. The Supreme Court granted certiorari, and in *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) affirmed, but adopted a far more limited construction of the "in custody" requirement.

In *Cook*, there were three pertinent sentences: a 1958 state sentence that Cook had completed serving; a 1976 federal sentence that Cook was presently serving; and a 1978 state sentence that Cook had not yet begun to serve. The 1958 conviction had been used to enhance both the federal sentence he was currently serving and the 1978 sentence he had not yet begun to serve. The State had placed a detainer with the federal authorities to ensure that at the conclusion of Cook's federal sentence, he would be returned to the state authorities to begin serving his 1978 state sentence. Cook's habeas petition listed the 1958 state conviction as the conviction under attack. The Ninth Circuit held that although the 1958 sentence had expired, collateral consequences remained—i.e. the 1958 conviction had been used to enhance Cook's 1978 sentence, and that the collateral consequence rendered Cook sufficiently "in custody" to attack his 1958 conviction.

The Supreme Court disagreed, holding that collateral consequences do not satisfy the "in custody" requirement. However, the Court did not dismiss the petition for lack of subject matter jurisdiction. Rather, it liberally construed the **pro se** petition as an attack on the 1978 state conviction, as enhanced by the allegedly illegal 1958 state conviction. The Court found that Cook was "in custody" under the 1978 conviction under *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

> We express no view on the extent to which the 1958 conviction itself may be subject to challenge in the attack upon the 1978 sentences which it was used to enhance.

*Maleng, supra*, 490 U.S. at 492, 109 S.Ct. 1923.

In *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir.1990), Feldman had twice been convicted of criminal offenses. In 1976, he pleaded guilty to an offense in California state court, and he was convicted by a jury of another offense in federal court in 1984. In 1986, while incarcerated for his federal conviction, Feldman filed a petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254 alleging that the 1976 conviction was unconstitutional because it was based on a guilty plea that he had been incompetent to enter. Following the Ninth Circuit decision in *Maleng, supra*, Feldman instituted a second petition pursuant to 28 U.S.C. § 2255 attacking his federal sentence, arguing that it had been improperly enhanced due to the sentencing judge's reliance on the allegedly invalid state conviction. The district court denied both petitions. On appeal, the Ninth Circuit found the case indistinguishable from *Maleng*, "Like the Court in *Maleng*, we are obliged to construe the **pro se** petition as an attack on petitioner's current federal sentence as enhanced.... We therefore have jurisdiction to entertain the petition under 28 U.S.C. § 2241(c)."

Subsequent to *Feldman*, the Supreme Court decided *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), which restricted collateral review of prior convictions. The defendant in *Custis* was, like Mr. Karr, facing an enhanced sentence under 18 U.S.C. § 924(e) on account of prior state convictions. Custis attempted to challenge the validity of the state convictions during the federal sentencing proceeding. The Supreme Court held that a defendant in a federal sentencing hearing has no right to challenge the validity of prior state conviction used for enhancement purposes, unless the conviction was obtained in violation of the *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) right to counsel.

Subsequent to *Custis*, in *Clawson v. United States*, 52 F.3d 806 (9th Cir.1995), *cert, denied*, 516 U.S. 897, 116 S.Ct. 252, 133 L.Ed.2d 177 (1995), the Ninth Circuit considered whether a petitioner could use 28 U.S.C. § 2255 to challenge the federal court's reli-

ance on an allegedly invalid state court conviction to enhance a federal sentence. The *Clawson* court read *Custis* to bar federal habeas review of the validity of a prior conviction used for sentencing enhancement unless the petitioner raises a *Gideon* claim.

The Ninth Circuit panel in *Contreras v. Schiltgen,* 151 F.3d 906 (9th Cir.1998) affirmed the district court's denial of a petition for writ of habeas corpus filed by an alien in custody challenging his state court guilty plea giving rise to a deportation order. The court looked at the previous Ninth Circuit and Supreme Court decisions concerning collateral attacks to prior state convictions:

> *Feldman* was decided before *Custis.* Although *Feldman* appears to authorize federal review of the constitutionality of state convictions relied upon by federal courts to enhance federal sentences, its reach has clearly been narrowed by *Custis.* Under *Custis,* as interpreted by *Clawson,* we must hold that when a habeas petition attacks the use of a prior conviction as a basis for INS custody, and the prior sentence has expired, federal habeas review is limited. When the federal proceeding is governed by statutes that limit inquiry to the fact of conviction, there can be no collateral review of the validity of the underlying conviction except for *Gideon* claims.

In *Contreras,* the court looked at the language of the statute pursuant to which the INS sought to deport Contreras finding that the statute limited the INS inquiry to the fact of conviction, like the materially similar language of § 924(e) as interpreted in *Custis* and *Clawson.* However, the court in *Contreras* recognized that its holding was at odds with the holding in *Brock v. Weston,* 31 F.3d 887 (9th Cir.1994), where the court permitted collateral review of an expired state conviction in a § 2254 habeas challenge to state civil confinement predicated thereon:

> Our decision is limited to the deportation context and **does not necessarily bear on the validity** of our holding in *Brock v. Weston,* 31 F.3d 887 (1994), in which we permitted collateral review of an expired conviction in § 2254 habeas challenge to state civil confinement predicated thereon.

Then, the panel in the latest case out of the Ninth Circuit, *Allen v. Oregon,* 153 F.3d 1046, *supra,* decided on August 31, 1998, expressly declined to answer the question, as noted above.

Nevertheless, this court is satisfied that what is apparent from these conflicting decisions is a tendency to base the decision on whether or not the statute at issue limited the inquiry to the "fact of conviction." Indeed, the Supreme Court in *Custis* looked very carefully at the language of 28 U.S.C. § 924(e), the very statute at issue here, and Congressional intent.

> Looking to the language of the statute, we do not believe § 924(e) authorizes such collateral attacks. The ACCA provides an enhanced sentence for any person who unlawfully possesses a firearm in violation of 18 U.S.C. § 922(g) and "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense...." Section 924(e) applies whenever a defendant is found to have suffered "three previous convictions" of the type specified. **The statute focuses on the fact of the conviction and nothing suggests that the prior final conviction may be subject to collateral attack for potential constitutional errors before it may be counted.**

*Id.* at 1735. (emphasis added).

> Congress' passage of other related statutes that expressly permit repeat offenders to challenge prior convictions that are used for enhancement purposes supports this negative implication. For example, 21 U.S.C. § 851(c), which Congress enacted as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, sets forth specific procedures allowing a defendant to challenge the validity of a prior conviction used to enhance the sentence for a federal drug offense.
>
> . . . .
>
> The language of § 851(c) shows that when Congress intended to authorize collateral attacks on prior convictions ..., it knew how to do so. **Congress' omission of similar language in § 924(e) indicates that it did not intend to give defendants**

the right to challenge the validity of prior convictions under this statute ...

*Id.* at 1735–36 (emphasis added).

The absence of expressed intent, and the contrast with other federal statutes, led us to determine that "the firearms prosecution under § 1202(a)(1) does not open the predicate conviction to a new form of collateral attack."

Similarly, § 924(e) lacks any indication that Congress intended to permit collateral attacks on prior convictions used for sentence enhancement purposes. **The contrast between § 924(e) and statutes that expressly provide avenues for collateral attacks, ... point strongly to the conclusion that Congress did not intend to permit collateral attacks on prior convictions under § 924(e).**

*Id.* (emphasis added).

In declining to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon,* the Court noted that there had been a theme running through the Court's decisions for more than a half a century that failure to appoint counsel for an indigent defendant was a unique constitutional defect.

**Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent,** and that he had not been adequately advised of his rights in opting for a "stipulated facts" trial. **None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all....**

*Id.* at 1737.

**... determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era, and may come from any one of the 50 states.**

*Id.* at 1738 (emphasis added). The Court also found additional support for its constitutional conclusion:

The interest in promoting the finality of judgments provides additional support for our constitutional conclusion. As we have explained, 'inroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice ... Principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing. **By challenging the previous conviction, the defendant is asking a district court 'to deprive the state-court judgment of its normal force and effect in a proceeding that has an independent purpose other than to overturn the prior judgment.... These principles bear extra weight in cases in which the prior convictions, such as one challenged by Custis are based on guilty pleas, because when guilty plea is at issue, the concern with finality served by the limitation on collateral attack has special force.**

*Id.* at 1738 (emphasis added).

There are remarkable similarities between the facts in *Custis* and the facts here. Like Mr. Custis, Mr. Karr is attempting to collaterally attack a conviction based on a guilty plea to expired state convictions based on guilty pleas that were used to enhance his federal sentence under 28 U.S.C. § 924(e).

This court agrees with the Supreme Court that had Congress intended to provide for collateral attacks of prior state court convictions under § 924(e) it would have so provided. Additionally, the finality concerns expressed by the Supreme Court are especially strong here, where Mr. Karr is attempting to challenge state court convictions based on guilty pleas that occurred some 32 years ago.

Finally, it cannot be disputed that Congress has indicated a strong desire to further limit a convicted prisoner's rights to file habeas corpus petitions as evidenced by the restrictions Congress has placed on habeas corpus rights with the enactment of the Antiterrorism & Effective Death Penalty Act of 1996 (AEDPA). In doing so, Congress drastically curtailed the ability to obtain relief in federal courts from allegedly unconstitutional

convictions or sentences. The Act made sweeping changes to both 18 U.S.C. § 2254 and § 2255, all of which narrowed a prisoner's habeas corpus rights. It is clear that Congress has given no indication whatsoever that it desires to expand on a prisoner's rights to collaterally attack prior convictions and/or sentences.

For the reasons stated, the court is satisfied that it lacks subject matter jurisdiction over Mr. Karr's amended Petition for Writ of Habeas Corpus mandating dismissal of Mr. Karr's Petition **WITH PREJUDICE**.

**IT IS SO ORDERED.** The Clerk is directed to enter this Opinion and Order, forward a copies to Petitioner Oluf Karr and to counsel for the Respondent, and to close this file.